IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

v.     No. 4:11-cr-167-DPM

THEODORE MARKLEY     DEFENDANT

ORDER

The Court is considering imposing the attached conditions of supervised release. The Court welcomes suggestions and argument about them at the upcoming sentencing.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 May 2013

DEFENDANT: THEODORE MARKLEY
CASE NUMBER: 4:11-cr-167-DPM-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: THEODORE MARKLEY
CASE NUMBER: 4:11-cr-167-DPM-1

## SPECIAL CONDITIONS OF SUPERVISION

S1) The defendant shall participate in sex-offender treatment under the guidance and supervision of the probation officer and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The defendant shall contribute to the costs of such treatment and polygraphs based on his ability to pay. The defendant shall abstain from the use of alcohol throughout the course of treatment and submit to testing.

S2) The defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer.

S3) The probation officer shall provide state officials with all information required under any sexual-predator and sexual-offender notification and registration statutes and may direct the defendant to report to these agencies personally for required additional processing, such as an interview and assessment, photographing, fingerprinting, polygraph testing, and DNA collection.

S4) The defendant shall have no direct contact with persons under the age of 18 without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including but not limited to schools, daycare centers, theme parks, theaters, and playgrounds.

S5) The defendant shall not purchase, possess, subscribe, view, listen to, or use any media forms containing pornographic images or sexually oriented materials, including but not limited to written, audio, and visual depictions, such as pornographic books, magazines, literature, videos, CDs, DVDs, digital media or photographs. This includes materials containing "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2).

S6) The defendant shall not own or use any computer or computing device with Internet access at any location without first providing 30 days written notice to the probation officer. This includes access through any Internet service provider, bulletin board system, gaming system, device, or console, online social networking activities, any public or private computer network system, cell phone, or any other remote device capable of internet access. He may not access the Internet by any device or means that is not susceptible to monitoring by the probation office.

S7) The defendant shall agree to the installation of computer monitoring software and hardware approved by the probation office and contribute to the computer monitoring cost based on the ability to pay. The defendant shall abide by all rules and requirements of the program and shall consent to unannounced examinations of all computer equipment, including internal and external storage devices. These examinations may include retrieval and copying of all data from the computer (s) and any internal and external peripherals as well as removal of this equipment for the purpose of conducting a more thorough inspection by the probation officer or probation service representative.

S8) The defendant shall not utilize or maintain any memberships or accounts of any social-networking website or websites that allow minor children membership, a profile, an account, or webpage without prior written approval of the probation officer.

S9) The defendant shall submit his person, property, and effects, house, residence, vehicle, papers, computer, and other electronic communication or other data-storage devices or media to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions pursuant to 18 U.S.C. § 3583(d).

S10) The defendant shall participate in mental-health counseling under the guidance and supervision of the U.S. Probation Office.

S11) The defendant shall disclose financial information upon request of the U.S. Probation Office, including but not limited to loans, lines of credit, and tax returns.

S12) The defendant shall have no contact, communication, or attempted contact or communication, with the victim identified in paragraphs 6 to 9 of the PSR.